**In re Junichiro YAMADA, Debtor.**

**MARUNAKA DAINICHI CO. LTD., Plaintiff,**

**v.**

**Junichiro YAMADA, Defendant.**

**Bankruptcy No. 94–12302–AT.**
**Adversary No. 94–1392.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 1, 1996.

Bruce B. Henderson, Washington, DC, for Plaintiff.

---

William R. Voltz, Washington, DC, for Plaintiff Marunaka Dainichi Corp.

Sam D. Scholar, Falls Church, Virginia, for Debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held on plaintiff's complaint to except a debt from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) on October 18, 1995. At the conclusion of the trial, the court took the matter under advisement. For the reasons stated in this opinion, the court finds the debt must be excepted from debtor's discharge.

This opinion constitutes the court's findings of fact and conclusions of law as required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

On June 15, 1990, plaintiff, Marunaka Dainichi Co., Ltd., and debtor, Junichiro Yamada, entered into an agreement to invest in real estate in the Washington, D.C. area.[1] Under the agreement, plaintiff loaned 32,-500,000 yen to debtor to enable debtor to purchase real property known as 1221 Pennsylvania Avenue, S.E., Washington, D.C. Principal and accrued interest under the loan were due in a lump sum on December 14, 1991. According to the written agreement, debtor was to record a mortgage of the property in favor of the plaintiff immediately after he purchased the Pennsylvania Avenue property.

Under the agreement, title to the Pennsylvania Avenue property was initially to be held by a corporation to be formed by the debtor, International Business Link. Debtor was to be the sole owner of IBL. Once the property was purchased by IBL, the agreement called for the parties to create a joint venture corporation which was to be funded equally by the parties. Once incorporated, the joint corporation would purchase the Pennsylvania Avenue property from IBL. Soon after the agreement was entered into, debtor requested an additional $25,000.00 from the plaintiff, stating that $50,000.00 was needed to incorporate the joint venture corporation in New York. (Debtor would contribute the other $25,000.00.) Plaintiff sent the $25,000.00 to debtor on July 20, 1990.

Debtor incorporated IBL in August 1990 and purchased the Pennsylvania Avenue property with the 32,500,000 yen received from the plaintiff. Debtor did not, however, record the mortgage to protect plaintiff's interest in the property as required by the parties' written agreement.

Debtor incorporated the joint venture corporation, Marunaka IBL Investment, Corporation, in New York in early 1991. However, title to the Pennsylvania Avenue property was never transferred to Marunaka in accordance with the agreement.

Prior to his agreement with the plaintiff, debtor had received $500,000.00 as an investment from a business associate, Shoji Kanazawa. This money was to be used to help obtain the rezoning of certain property in Rosslyn, Virginia. In March 1991, debtor signed a deed of trust in favor of Kanazawa which was back dated to December 26, 1989. The deed of trust placed a lien on the Pennsylvania Avenue property to secure Kanazawa for the $500,000.00 he had invested with the debtor.

On December 14, 1991, debtor had paid only $2,900.00 towards the loan from plaintiff. Debtor defaulted on the remaining balance. Plaintiff sued debtor in Superior Court of the District of Columbia on May 19, 1993. On October 29, 1993, the Superior Court entered a default judgment in favor of plaintiff in the amount of $535,912.00, comprised of $460,912.00 in compensatory damages and $75,000 in punitive damages. Debtor successfully moved to set aside the default judgment, and the case was reinstated. The action was stayed, however, when debtor filed this chapter 7 bankruptcy case on June 13, 1994.

---

1. The agreement was embodied in three documents all dated June 15, 1990: an agreement, a loan agreement, and a mortgage agreement. For purposes of simplicity, the court will refer to all three documents as "the agreement".

Plaintiff filed a complaint in debtor's bankruptcy case on August 30, 1994, to except its debt from discharge. Plaintiff filed a motion for summary judgment on August 25, 1995. The motion was denied, and trial was held on October 18, 1995.

### Discussion and Conclusions of Law

█ Plaintiff's complaint and proposed findings of fact and conclusions of law do not specify under which paragraph of 11 U.S.C. § 523(a) plaintiff relies to except its debt from discharge. Based upon plaintiff's earlier motion for summary judgment, it appears plaintiff is proceeding under §§ 523(a)(2)(A) and (a)(4).

█ The elements for finding a debt nondischargeable under § 523(a)(2)(A) are: (1) the debtor made misrepresentations, (2) at the time they were made, the debtor knew the representations were false, (3) the debtor made the misrepresentations with the intention and purpose of deceiving the creditor, (4) the creditor relied on the representations, and (5) the creditor sustained loss and damage as the proximate result of the misrepresentations. *See Hodnett v. Loevner (In re Loevner)*, 167 B.R. 824, 826 (Bankr.E.D.Va. 1994). A creditor bringing an action under § 523(a)(2)(A) must prove each of these elements by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

In this case, debtor obtained 32,500,000 yen (used to purchase the Pennsylvania Avenue real estate) from the plaintiff by signing the documents comprising the agreement. By signing the agreement, debtor misrepresented to plaintiff that he would transfer the Pennsylvania Avenue property to plaintiff once Marunaka was incorporated and would repay the loan by December 14, 1991. Plaintiff relied on the representation made by debtor in making the loan and sustained loss as a result.[2]

This case, like many others under § 523(a)(2)(A), centers on the issue of whether the debtor intended to deceive plaintiff when he signed the agreement. Because a debtor rarely admits an intent to deceive, the issue of intent must often be resolved by examining the surrounding circumstances. *See Household Fin. Corp. v. Kahler (In re Kahler)*, 187 B.R. 508, 513 (Bankr.E.D.Va. 1995); *Western Union Corp. v. Ketaner (In re Ketaner)*, 154 B.R. 459, 465 (Bankr. E.D.Va.1992).

In this case, debtor's intent at the time he entered into the agreement can be inferred from his actions once the agreement took effect. Debtor immediately accepted the benefits of the deal and used the money obtained from plaintiff to purchase the Pennsylvania Avenue property in his corporation's name. Debtor then failed to abide by any of the other terms of the agreement. Debtor did not record a mortgage on the property in favor of plaintiff.[3] Once Marunaka was incorporated, debtor did not transfer title of the Pennsylvania Avenue property to it. Debtor paid only $2,900.00 towards the loan before defaulting. On top of all of this, debtor signed a deed of trust on the Pennsylvania Avenue property in favor of Shoji Kanazawa, severely impairing the rights of the plaintiff under the agreement.

Debtor testified that all of these actions were taken with the consent of the plaintiff or were done by mistake. Debtor's primary defense is that the written agreement was executed only as a precaution; the true agreement was an oral understanding between the debtor and Taskeshi Nakata. As such, debtor claims he did not even bother to read the documents comprising the agree-

---

2. Recently, the Supreme Court has held that a creditor must only prove justifiable reliance under § 523(a)(2)(A), and not the higher standard of reasonable reliance. *Field v. Mans*, —— U.S. ——, ——, 116 S.Ct. 437, 447, 133 L.Ed.2d 351 (1995). I find that plaintiff has met its burden of proof by proving that they justifiably relied on the representations made by debtor in the agreement.

3. It appears from the testimony of both debtor and Taskeshi Nakata, management director of plaintiff, that the parties agreed the mortgage would not be recorded. Accordingly, debtor's failure to abide by this part of the agreement should not be used to evaluate debtor's intent at the time the agreement was entered into. Even disregarding debtor's failure to record the mortgage, I find that there is plenty of other evidence available to make a proper determination of debtor's intent.

ment before signing them. Pursuant to the oral understanding, the Pennsylvania Avenue property would not be transferred to Marunaka, but would instead be sold by debtor's corporation and the profit transferred to Marunaka. Besides his testimony, debtor provided no other evidence that such an understanding existed.

Debtor further testified that he was unaware that by signing the deed of trust, he was placing a lien on the property. Debtor made this assertion despite the fact that he was fully aware that Shoji Kanazawa wanted debtor to sign the deed in order to protect his $500,000.00 investment. In fact, it was debtor who first mentioned the Pennsylvania Avenue property when asked by an agent of Kanazawa what assets debtor had to protect Kanazawa's investment.

■ The court does not find these explanations credible. Once a creditor has introduced circumstantial evidence which gives rise to an inference that the debtor intended to deceive, a debtor cannot overcome that inference by making unsupported assertions of honest intent. *Ketaner*, 154 B.R. at 465. In this case, plaintiff has not only introduced the relevant documents, but also had Taskeshi Nakata testify that he and debtor discussed the agreement three or four times before signing it and that the documents are a true reflection of their understanding. To rebut this evidence, debtor simply asserts that he acted according to an oral understanding. Because debtor has not overcome the inference that he intended to deceive plaintiff when he entered into the agreement, the court finds that all of the elements of § 523(a)(2)(A) have been met. Accordingly, the debt will be declared excepted from discharge, with a $2,900.00 credit given to the debtor for the payment already made.

Because the court finds the debt to be excepted from discharge under § 523(a)(2)(A), I need not address whether the debt would be excepted from discharge under § 523(a)(4).

A separate order will be entered.